■ GILBERTO ALVEZ, Appellant, v AMERICAN EXPORT LINES, INC., Defendant and Third-Party Plaintiff-Respondent. JOSEPH VINAL SHIP MAINTENANCE, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County, entered August 17, 1976, unanimously reversed, on the law, and the motion to amend the complaint granted, without costs and without disbursements. Plaintiff-appellant in this maritime personal injury action has sought to add his wife's cause for loss of consortium. Defendant-respondent relied on *Igneri v Cie de Transp. Oceaniques* (323 F2d 257) to the effect that such causes are not available under maritime law, and Special Term agreed. We do not consider that the applicable law in its present state is so clearly against such a cause being advanced at the pleading stage of the case. Such causes are currently held acceptable, one such case being *Sea-Land Servs. v Gaudet* (414 US 573), a wrongful death case. We know of no reason why this should not be acceptable in a personal injury case. (See, also, *Pesce v Summa Corp.,* 54 Cal App 3d 86.) Concur—Kupferman, J. P., Silverman, Markewich and Yesawich, JJ.